**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000615**
**18-DEC-2017**
**11:23 AM**

NO. CAAP-17-0000615

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


L.D., Petitioner-Appellant,
v.
T.G., Respondent-Appellee.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-P NO. 12-1-0113K)


ORDER
REGARDING OCTOBER 23, 2017 MOTION
TO DETERMINE APPELLATE JURISDICTION
AND
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of (1) Petitioner-Appellant L.D.'s
("L.D.")[1] October 23, 2017 motion to determine appellate
jurisdiction, (2) the lack of any response by Respondent-Appellee
T.G. ("T.G.") to L.D.'s October 23, 2017 motion, and (3) the
record, it appears that we lack appellate jurisdiction over
L.D.'s appeal from the Honorable Michelle Kanani Laubach's
March 13, 2017 post-judgment "Court's Decision and Order on
Petitioner's Motion for HFCR 60(b)(6) relief filed December 13,

---

[1] Because this case involves a controversy regarding the physical
custody of the parties' minor children, we refer to the parties according to
their initials rather than their full names in accordance with Rule 3(c)(1) of
the Hawai'i Rules of Appellate Procedure.

2016" ("the March 13, 2017 post-judgment order") under Hawaii Revised Statutes ("HRS") § 571-54 (2006), because the March 13, 2017 post-judgment order did not finally determine, and, thus, end, the post-judgment proceedings on L.D.'s December 13, 2016 post-judgment motion for relief pursuant to Rule 60(b) of the Hawaiʻi Family Court Rules ("HFCR"), as HRS § 571-54 requires for an appealable final post-judgment order.

In family court cases "[a]n interested party aggrieved by any order or decree of the court may appeal to the intermediate appellate court for review of questions of law and fact upon the same terms and conditions as in other cases in the circuit court[.]" HRS § 571-54. In circuit courts, HRS § 641-1(a) (2016) authorizes appeals from a final judgment, order or decree. However, in contrast to civil circuit court cases, civil family court cases do not necessarily need to reduce dispositive orders to a separate judgment document for the purpose of perfecting an aggrieved party's right to appellate review. See, e.g., In Interest of Doe, 77 Hawaiʻi 109, 114 n.9, 883 P.2d 30, 35 n.9 (1994) ("We note that, due to the nature of a 'final' judgment in child custody cases, the requirements for appealability set forth in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 869 P.2d 1334 (Sup.1994), are inapplicable in such custody cases."). Under HRS § 571-54, "appeals in family court cases, as in other civil cases, may be taken only from (1) a final judgment, order, or decree, . . . or (2) a certified interlocutory order." In re Doe, 96 Hawaiʻi 272, 283, 30 P.3d 878, 889 (2001) (citations omitted). "Final order means an order ending the proceedings, leaving nothing further to be accomplished." Familian Northwest v. Central Pacific Boiler, 68 Haw. 368, 370, 714 P.2d 936, 937 (1986) (citations and internal quotation marks omitted). "However, it is widely acknowledged that a final judgment or decree is not necessarily the last decision of a case. What determines the finality of an order or decree is the nature and effect of the order or decree."

2

In re Jane Doe, 77 Hawai'i at 114, 883 P.2d at 35 (citation and internal quotation marks omitted).

In the instant case, the family court finally determined and ended the initial proceedings in FC-P No. 12-1-0113K on L.D.'s September 24, 2012 petition against T.G. to establish paternity, child custody, child visitation and child support pursuant to HRS § 584-14 (2006) with respect to two minor children when the family court entered an April 30, 2014 final order, which adjudicated all of the substantive issues by, among other things, awarding L.D. with sole physical custody of the two children, as well as monthly child support. The April 30, 2014 final order was an immediately appealable final order under HRS § 571-54. As an appealable final order under HRS § 571-54, the April 30, 2014 final order qualified as a "judgment" under HFCR Rule 54(a), which provides that the term "'[j]udgment' as used in these rules includes a decree and any order from which an appeal lies." However, no party asserted a timely appeal from the April 30, 2014 final order.

Instead, the parties filed multiple post-judgment motions, including L.D.'s December 13, 2016 post-judgment HFCR Rule 60(b) motion for relief from the child support provision in the April 30, 2014 final order, arguing that T.G. had fraudulently failed to disclose additional income when the family court had calculated its award of child support. In family court cases, "[a] post-judgment order is an appealable final order . . . if the order finally determines the post-judgment proceeding." Hall v. Hall, 96 Hawai'i 105, 111 n.4, 26 P.3d 594, 600 n.4 (App. 2001) (citation omitted), affirmed in part, and vacated in part on other grounds, Hall v. Hall, 95 Hawai'i 318, 22 P.3d 965 (2001). "Correlatively, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action." Id. at 157, 80 P.3d at 978. Thus, for example, in an appeal from a post-judgment proceeding in a civil circuit court case, the Supreme Court of Hawai'i held

3

that an order denying a post-judgment motion to quash a garnishee summons was not an appealable post-judgment order because such an order did not finally determine and end that particular post-judgment proceeding. Familian Northwest, Inc., 68 Haw. at 370, 714 P.2d at 938.

In the instant case, it appears that the March 13, 2017 post-judgment order did not finally determine, and, thus, end, the post-judgment proceedings on L.D.'s December 13, 2016 post-judgment HFCR Rule 60(b) motion. Although the family court rejected L.D.'s argument that T.G. had fraudulently failed to disclose additional income when the family court was calculating the child support award, the family court nevertheless acknowledged that, through this post-judgment proceeding, the family court discovered that T.G. had, in fact, inadvertently failed to disclose additional income to the family court, and, furthermore, during this post-judgment proceeding, T.G. and L.D. had recently entered into an new agreement to voluntarily transfer sole physical custody of one of the two children from L.D. to T.G. In light of these newly changed circumstances, the family court invoked HRS § 571-46 (Supp. 2016) and HRS § 576D-7 (2006) for the express purpose of re-calculating and modifying the child support award, and the family court ordered T.G. and L.D. to "file updated financials with proposed child support guidelines" so that the family court could enter a future post-judgment order that would provide a modified child support award in a specific amount. Consequently, the family court's March 13, 2017 post-judgment order did not finally determine, and, thus, end, the post-judgment proceedings for L.D.'s December 13, 2016 post-judgment HFCR Rule 60(b) motion. According to the record on appeal, the family court has not yet announced its decision on the exact amount of the modified child support award, much less entered the written post-judgment order that would effectuate that decision. Therefore, the March 13, 2017 post-judgment

4

order is not an appealable final post-judgment order under HRS § 571-54, but, instead, it is merely one post-judgment order in a series of post-judgment orders that the family court intends to utilize for the purpose of finally adjudicating all of the issues in L.D.'s December 13, 2016 post-judgment HFCR Rule 60(b) motion.

L.D. asserts that the Hawai'i Intermediate Court of Appeals should temporarily remand this case to the family court with instructions to enter an appealable final post-judgment order. In Waikiki v. Ho'omaka Village Association of Apartment Owners, 140 Hawai'i 197, 398 P.3d 786 (2017), the Supreme Court of Hawai'i recently held that, when "[t]he record on appeal indicates that all claims against all parties have been resolved" (id. at 204, 398 P.3d at 793), and the only thing lacking for the perfection of an aggrieved party's right to appeal is the entry of the final judgment, the Hawai'i Intermediate Court of Appeals should invoke HRS § 602-57(3) (2016),[2] and temporarily remand the case to the circuit court with instructions to enter the judgment. Waikiki, 140 Hawai'i at 204, 398 P.3d at 793. See also, State v. Joshua, No. SCWC-16-0000800, 2017 WL 4586328, at *1 (Hawai'i October 16, 2017) (footnote omitted). In both Waikiki and Joshua, the records on appeal indicated that the trial courts had already expressed their final decisions either orally, in court minutes, or in interlocutory orders, and the

---

[2] Hawaii Revised Statutes § 602-57 (2016) provides:

§ 602-57. Jurisdiction
Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction, subject to transfer as provided in section 602-58 or review on application for a writ of certiorari as provided in section 602-59:
(1) To hear and determine appeals from any court or agency when appeals are allowed by law;
(2) To entertain, in its discretion, any case submitted without suit when there is a question of law that could be the subject of a civil action or proceeding in the circuit court, or tax appeal court, and the parties agree upon the facts upon which the controversy depends; and
(3) To make or issue any order or writ necessary or appropriate in the aid of its jurisdiction, and in such case, any judge may issue a writ or an order to show cause returnable before the court.

only thing preventing the perfection of the parties' right to appeal was the entry of an appealable final judgment.

However, the circumstances of the instant case are distinguishable from the circumstances in Waikiki and Joshua, because, in the instant case, the record on appeal does not indicate that the family court has expressed its final decision regarding the exact amount of the modified child support award. The holdings in Waikiki and Joshua do not apply to the circumstances of the instant case, and a temporary remand is not warranted. Absent an appealable final post-judgment order, we lack appellate jurisdiction, and L.D.'s appeal is premature.

Therefore, IT IS HEREBY ORDERED, that appellate court case number CAAP-17-0000615 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all other pending motions in appellate court case number CAAP-17-0000615 are dismissed as moot.

DATED: Honolulu, Hawai'i, December 18, 2017.

Chief Judge

Associate Judge

Associate Judge